

SEALED

s/ SuzanneA

**FILED**

May 28 2021
2:50 pm

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ emilybl        DEPUTY

ORDERED UNSEALED on 06/07/2021   s/ SuzanneA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

November 2019 Grand Jury

UNITED STATES OF AMERICA,

v.

JOSEPH HAKAN AYIK (1),
DOMENICO CATANZARITI (2),
MAXIMILIAN RIVKIN (3),
ABDELHAKIM AHARCHAOU (4),
SEYYED HOSSEIN HOSSEINI (5),
ALEXANDER DMITRIENKO (6),
BARIS TUKEL (7),
ERKAN YUSEF DOGAN (8),
SHANE GEOFFREY MAY (9),
AURANGZEB AYUB (10),
JAMES THOMAS FLOOD (11),
SRDJAN TODOROVIC (12),
 aka DR.DJEK,
SHANE NGAKURU (13),
EDWIN HARMENDRA KUMAR (14),
OMAR MALIK (15),
MIWAND ZAKHIMI (16),
 aka MAIWAND ZAKHIMI,
OSEMAH ELHASSEN (17),

Defendants.

Case No. '21 CR1623 JLS

I N D I C T M E N T

Title 18, U.S.C., Sec. 1962(d) —
**Racketeering Conspiracy to Conduct Enterprise Affairs (RICO Conspiracy)**;
Title 18, U.S.C., Secs. 1963 — **Criminal Forfeiture**

The grand jury charges:

At all times material to this Indictment:

## **ANOM OVERVIEW**

1.       ANOM is a hardened encrypted device provider which sells encryption services and devices to transnational criminal organizations to facilitate illegal activity. There are at

MEH:nlv(2):San Diego:5/28/21

least 9,500 ANOM devices in use worldwide, including in the United States. Since October 2019, ANOM has generated the Defendants millions of dollars in profit by facilitating the criminal activity of transnational criminal organizations and protecting these organizations from law enforcement.

### The Defendants

2.    JOSEPH HAKAN AYIK: is a citizen of Turkey who currently resides in Turkey. AYIK is an Administrator of the Anom network, as well as an Influencer.

3.    DOMENICO CATANZARITI: is a citizen of Australia who currently resides in Australia. CATANZARITI is an Administrator of the Anom network.

4.    MAXIMILIAN RIVKIN: is a citizen of Sweden who currently resides in Turkey. RIVKIN is an Administrator of the Anom network, as well as an Influencer.

5.    ABDELHAKIM AHARCHAOU: is a citizen of the Netherlands who currently resides in the Netherlands. AHARCHAOU is a Distributor of the Anom network to criminal end-users.

6.    SEYYED HOSSEIN HOSSEINI: is a citizen of the Netherlands who currently resides in the Netherlands. HOSSEINI is a Distributor of the Anom network to criminal end-users.

7.    ALEXANDER DMITRIENKO: is a citizen of Finland who currently resides in Spain. DMITRIENKO is a Distributor of the Anom network to criminal end-users.

8.    BARIS TUKEL: is a citizen of Australia who currently resides in Turkey. TUKEL is a Distributor of the Anom network to criminal end-users, as well as an Influencer.

9.    ERKAN YUSEF DOGAN: is a citizen of Australia who currently resides in Turkey. DOGAN is a Distributor of the Anom network to criminal end-users, as well as an Influencer.

10.    SHANE GEOFFREY MAY: is a citizen of Australia who currently resides in Indonesia. MAY is a Distributor of the Anom network to criminal end-users.

11.     AURANGZEB AYUB: is a citizen of the United Kingdom and the Netherlands who currently resides in the Netherlands. AYUB is a Distributor of the Anom network to criminal end-users.

12.     JAMES THOMAS FLOOD: is a citizen of the United Kingdom who currently resides in Spain. FLOOD is a Distributor of the Anom network to criminal end-users.

13.     SRDJAN TODOROVIC, aka DR.DJEK: is believed a citizen of Serbia, currently residing in Colombia. TODOROVIC, aka DR.DJEK, is a Distributor of the Anom network to criminal end-users.

14.     SHANE NGAKURU: is a citizen of New Zealand who currently resides in Phuket, Thailand. NGAKURU is a Distributor of the Anom network to criminal end-users.

15.     EDWIN HARMENDRA KUMAR: is a citizen of Australia who currently resides in Australia. KUMAR is a Distributor of the Anom network to criminal end-users.

16.     OMAR MALIK: is a citizen of the Netherlands who currently resides in the Netherlands. MALIK is a Distributor of the Anom network to criminal end-users.

17.     MIWAND ZAKHIMI, aka MAIWAND ZAKHIMI: is a citizen of the Netherlands who currently resides in the Netherlands. ZAKHIMI is a Distributor of the Anom network to criminal end-users.

18.     OSEMAH ELHASSEN: is a citizen of Australia who currently resides in Colombia. ELHASSEN is a Distributor of the Anom network to criminal end-users.

## The Enterprise

19.     Defendants JOSEPH HAKAN AYIK, DOMENICO CATANZARITI, MAXIMILIAN RIVKIN, ABDELHAKIM AHARCHAOU, SEYYED HOSSEIN HOSSEINI, ALEXANDER DMITRIENKO,  BARIS TUKEL, ERKAN YUSEF DOGAN, SHANE GEOFFREY MAY, AURANGZEB AYUB, JAMES THOMAS FLOOD, SRDJAN TODOROVIC, aka DR.DJEK,  SHANE NGAKURU, EDWIN HARMENDRA KUMAR, OMAR MALIK, MIWAND ZAKHIMI, aka MAIWAND ZAKHIMI, OSEMAH ELHASSEN, and others, were leaders, members, and associates of a criminal organization, hereinafter, the ANOM ENTERPRISE, whose members engaged in acts involving drug trafficking,

3

money laundering, and obstruction of justice.  Leaders, members, and associates of the ANOM ENTERPRISE operated throughout the world, including Australia, Colombia, the Netherlands, Turkey, Thailand, Sweden, Spain, and throughout the United States, including in the Southern District of California.

20.    The ANOM ENTERPRISE, including its leadership, members, and associates, constituted an "enterprise," as defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

21.    Leaders, members, and associates of the ANOM ENTERPRISE had defined roles in the enterprise. At all times relevant to this Indictment, defendants JOSEPH HAKAN AYIK, DOMENICO CATANZARITI, MAXIMILIAN RIVKIN, ABDELHAKIM AHARCHAOU, SEYYED HOSSEIN HOSSEINI, ALEXANDER DMITRIENKO, BARIS TUKEL, ERKAN YUSEF DOGAN, SHANE GEOFFREY MAY, AURANGZEB AYUB, JAMES THOMAS FLOOD, SRDJAN TODOROVIC, aka DR.DJEK, SHANE NGAKURU, EDWIN HARMENDRA KUMAR, OMAR MALIK, MIWAND ZAKHIMI, aka MAIWAND ZAKHIMI, OSEMAH ELHASSEN, and others, participated in the operation and management of the enterprise as follows:

**Administrators:**

22.    Administrators have physical control of the ANOM ENTERPRISE's network and can initiate new subscriptions, set up access for distributors, remove accounts, remotely delete (i.e, wipe), and reset devices. JOSEPH HAKAN AYIK, DOMENICO CATANZARITI, and MAXIMILIAN RIVKIN are administrators.

**Influencers:**

23.    Influencers are well-known crime figures who wield significant power and influence over other criminal associates.  These influencers have also built a reputation for their knowledge and expertise in the hardened encrypted device field and use that power,

4

knowledge, and expertise to promote, market, and encourage others to use specific hardened encrypted devices.   Influencers have a tremendous impact on users adopting specific hardened encrypted devices. JOSEPH HAKAN AYIK, MAXIMILIAN RIVKIN, ERKAN YUSEF DOGAN, and BARIS TUKEL are influencers.

**Distributors:**

24.     Distributors coordinate groups of agents of the ANOM ENTERPRISE devices, receive payments for ongoing subscription fees, send associated funds (minus personal profit) back to the parent company, and provide second level technical support. The distributors can also remotely delete and reset devices. The distributors communicate and coordinate directly with the ANOM ENTERPRISE's administrators. ABDELHAKIM AHARCHAOU, SEYYED HOSSEIN HOSSEINI, ALEXANDER DMITRIENKO, BARIS TUKEL, ERKAN YUSEF DOGAN, SHANE GEOFFREY MAY, AURANGZEB AYUB, JAMES THOMAS FLOOD, SRDJAN TODOROVIC, aka DR.DJEK,   SHANE NGAKURU, EDWIN HARMENDRA KUMAR, OMAR MALIK, MIWAND ZAKHIMI, aka MAIWAND ZAKHIMI, and OSEMAH ELHASSEN are distributors for the ANOM ENTERPRISE.

**Agents:**

25.     Agents physically source and engage with new customers to sell and deliver devices with initial and renewal subscriptions. The agents earn profit on the sale of the handset only and provide first-level technical support to their groups of customers/end-users.

**Purposes of the Enterprise**

26.     The ANOM ENTERPRISE's purposes included the following:

A.      To create, maintain, use, and control a method of secure communication to facilitate the importation, exportation, and distribution of illegal drugs into Australia, Asia, Europe, and North America, including the United States and Canada, and to launder the proceeds of such drug trafficking conduct;

B.      To obstruct investigations of drug trafficking and money laundering organizations by creating, maintaining, using, and controlling a system whereby the ANOM ENTERPRISE would remotely delete evidence of such activities;

C.      To enrich the leaders, members, and associates of the enterprise by taking payment from the sale of each ANOM device;

D.      To promote and enhance the reputation and standing of the ANOM ENTERPRISE and its leaders, members, and associates;

E.      To preserve and protect the ANOM ENTERPRISE's profits and client base through acts of money laundering;

F.      To protect the ANOM ENTERPRISE and its leaders, members, and associates from detection, apprehension, and prosecution by law enforcement;

G.      To avoid detection of its illicit conduct by, among other things, laundering its illegal proceeds, communicating with encrypted devices, and transferring illegally obtained funds into cryptocurrency, specifically Bitcoin;

H.      To evade law enforcement by, among other things, maintaining the organization's technical infrastructure outside the United States; and

I.      To enhance its power and financial profits by promoting the ANOM ENTERPRISE's activities with customers and potential customers.

### Manner and Means of the Enterprise

27.     The means and methods by which the defendants, and other members and associates of the ANOM ENTERPRISE, agreed to conduct and participate in the affairs of the enterprise included, but were not limited to, the following:

A.      The ANOM ENTERPRISE Administrators operated the ANOM ENTERPRISE, which used ANOM devices to send and receive encrypted messages. The ANOM ENTERPRISE used proxy servers to disguise the physical locations of its servers. The ANOM ENTERPRISE Administrators and Distributors frequently checked the location of the servers to ensure the servers were located in a secure location.

B.      The ANOM ENTERPRISE Distributors and Agents sold ANOM devices to their clients and collected a subscription fee. The fee schedule was based on certain geographic regions: Australia was approximately $1,700 AUD per six-month period; Europe

1  was approximately €1,000 – €1,500 per six-month period; and North America was $1,700

2  CAD per six-month period.

3        C.    The ANOM ENTERPRISE Administrators, Distributors, and Agents

4  described ANOM devices to potential clients as "designed by criminals for criminals" and

5  targeted the sale of ANOM devices to individuals that they knew or had reason to know

6  participated in illegal activities, including international drug trafficking and money

7  laundering.  The ANOM ENTERPRISE Administrators and Distributors communicated to

8  agents and customers that ANOM was not subject to U.S. law, including the U.S. Patriot

9  Act, to increase trust in the ANOM brand as being secure for drug trafficking and money

10 laundering.

11       D.    The ANOM ENTERPRISE Administrators, Distributors, Agents, and

12 clients strove to achieve shared anonymity, in order to evade law enforcement and escape

13 the other consequences of their criminal activities. To that end, the ANOM ENTERPRISE

14 Administrators, Distributors, Agents, and clients remained anonymous even to each other.

15 The ANOM ENTERPRISE Administrators, Distributors, and Agents do not request, track

16 or record their clients' real names, and interacted only via username, email handles, or

17 nicknames.

18       E.    The ANOM ENTERPRISE Administrators, Distributors, Agents, and

19 clients distributed and facilitated the distribution of federally controlled substances,

20 including cocaine, methamphetamine, and marijuana, using ANOM devices.

21       F.    The ANOM ENTERPRISE Administrators, Distributors, and Agents

22 obstructed law enforcement by deleting (i.e. wiping) devices that they were made aware had

23 been seized by law enforcement to destroy evidence that the devices contained. The ANOM

24 ENTERPRISE Administrators, Distributors, and Agents also suspended service and deleted

25 the contents of a device if the ANOM ENTERPRISE members suspected law enforcement or

26 an informant was using the device as part of an investigation.

27       G.    The ANOM ENTERPRISE Administrators, Distributors, and Agents

28 facilitated the illegal activities of its clients, including drug trafficking and money

laundering, and themselves used ANOM devices to coordinate drug distribution and money laundering;

H.    The ANOM ENTERPRISE Administrators, Distributors, and Agents used digital currencies, including Bitcoin, to protect the membership's anonymity, to pay for ANOM services, and to facilitate the laundering of ANOM ENTERPRISE members' ill-gotten gains.   The ANOM ENTERPRISE Administrators, Distributors, and Agents also set up, maintained, and used shell companies to hide the proceeds generated by selling its encryption services and devices.

### Count 1

### (RACKETEERING CONSPIRACY)

28.    Paragraphs 1 through 27 are re-alleged and incorporated by reference herein.

29.    Beginning at least as early as October 2019 and continuing up to and including May 28, 2021, within the Southern District of California and elsewhere, defendants JOSEPH HAKAN AYIK, DOMENICO CATANZARITI, MAXIMILIAN RIVKIN, ABDELHAKIM AHARCHAOU, SEYYED HOSSEIN HOSSEINI, ALEXANDER DMITRIENKO,  BARIS TUKEL, ERKAN YUSEF DOGAN, SHANE GEOFFREY MAY, AURANGZEB AYUB, JAMES THOMAS FLOOD, SRDJAN TODOROVIC, aka DR.DJEK,  SHANE NGAKURU, EDWIN HARMENDRA KUMAR, OMAR MALIK, MIWAND ZAKHIMI, aka MAIWAND ZAKHIMI, OSEMAH ELHASSEN, and others, being persons employed by and associated with the ANOM ENTERPRISE, an enterprise which was engaged in, and the activities of which affected interstate and foreign commerce, did knowingly and intentionally conspire with each other, and with others, to violate Title 18, United States Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the conduct of the ANOM ENTERPRISE's affairs through a pattern of racketeering activity consisting of:

A.    Multiple offenses involving trafficking in controlled substances in violation of Title 21, United States Code, Sections 841, 846, 952, 953, 959, 960, and 963;

B.    Multiple acts indictable under Title 18, United States Code, Section 1512 (obstruction of justice);

8

C. Multiple acts indictable under Title 18, United States Code, Section 1956 (money laundering).

30. It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the ANOM ENTERPRISE.

All in violation of Title 18, United States Code, Section 1962(d).

**Forfeiture Allegations**

**(RACKETEERING CONSPIRACY FORFEITURE)**

31. The allegations contained in Paragraphs 1 through 30 are re-alleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America under Title 18, United States Code, Section 1963.

32. Upon conviction of the violation of Title 18, United States Code, Section 1962, as alleged in Count 1, defendants JOSEPH HAKAN AYIK, DOMENICO CATANZARITI, MAXIMILIAN RIVKIN, ABDELHAKIM AHARCHAOU, SEYYED HOSSEIN HOSSEINI, ALEXANDER DMITRIENKO,  BARIS TUKEL, ERKAN YUSEF DOGAN, SHANE GEOFFREY MAY, AURANGZEB AYUB, JAMES THOMAS FLOOD, SRDJAN TODOROVIC, aka DR.DJEK,  SHANE NGAKURU, EDWIN HARMENDRA KUMAR, OMAR MALIK, MIWAND ZAKHIMI, aka MAIWAND ZAKHIMI, and OSEMAH ELHASSEN shall forfeit to the United States:

A. all interests acquired and maintained in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States under Title 18, United States Code, Section 1963(a)(1);

B. all interests in, security of, claims against, and property and contractual rights affording a source of influence over, the ANOM ENTERPRISE, which these defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States under Title 18, United States Code, Section 1963(a)(2); and

9

1           C.    all property constituting and derived from proceeds obtained, directly

2   and indirectly, from racketeering activity, in violation of Title 18, United States Code,

3   Section 1962, which property is subject to forfeiture to the United States under Title 18,

4   United States Code, Section 1963(a)(3).

5          33.    The interests of said defendants subject to forfeiture to the United States under

6   Title 18, United States Code, Sections 1963(a)(1), (a)(2), and (a)(3), include but are not

7   limited to at least $15,000,000 and all interests and proceeds traceable thereto.

8                               **Substitute Property Forfeiture**

9          34.    If any of the above-described forfeitable property, as a result of any act or

10   omission of said defendants —

11            A.    cannot be located upon the exercise of due diligence;

12            B.    has been transferred or sold to, or deposited with, a third party;

13            C.    has been placed beyond the jurisdiction of the Court;

14            D.    has been substantially diminished in value; or

15            E.    has been commingled with other property which cannot be subdivided

16   without difficulty; it is the intent of the United States, pursuant to Title 18, United States

17   Code, Section 1963(m), to seek forfeiture of any other property of said defendants up to the

18   value of the property listed above as being subject to forfeiture.

19   All pursuant to Title 18, United States Code, Section 1963.

20          DATED:  May 28, 2021 .

21

22   RANDY S. GROSSMAN

23   Acting United States Attorney

24

By:   _____

25       MEGHAN E. HEESCH

26       JOSHUA C. MELLOR

    SHAUNA PREWITT

27       MIKAELA WEBER

    Assistant U.S. Attorneys

28